UNITED STATES DISTRICT COURT
MIDDLE DISTIRCT OF FLORIDA
JACKSONVILLE DIVISION

JANNAH HANCOCK,

        Plaintiff,

vs.                                                                          Case No. 3:18-cv-01430-TJC-MCR

MHM HEALTH PROFESSIONALS, INC.,

        Defendant.

_____/

## PLAINTIFF'S SECOND AMENDED
## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Jannah Hancock (hereinafter "Plaintiff"), by and through her undersigned counsel, hereby files this suit against Defendant, MHM Health Professionals, Inc. (hereinafter "MHM Health"), and alleges as follows:

### NATURE OF ACTION

1.     This is an action to redress the deprivation of rights secured to Plaintiff by Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII"), as amended by the Civil Rights Act of 1991, 42 U.S.C. §§ 2000e *et seq.*  Plaintiff also brings claims for negligent hiring, negligent supervision, and negligent retention.

### STATUTORY PREREQUISITES TO SUIT

2.     Plaintiff has exhausted her administrative remedies and complied with all statutory prerequisites to maintaining the claims asserted herein as required by Title VII.  (*See* Exhibit A). Further, Plaintiff has performed and fulfilled all conditions precedent to maintaining the claims asserted herein as required by Title VII.  (*See id.*).

### GENERAL ALLEGATIONS

3.     This is an action for damages in excess of fifteen thousand (15,000) dollars,

exclusive of interest and costs.

4.      The alleged acts giving rise to this action were committed in Suwannee County, Florida, within the jurisdiction of the U.S. District Court, Middle District of Florida, Jacksonville Division.

5.      In documents filed with the Florida Department of State, Division of Corporations, MHM Health identifies itself as a Delaware company, identifies 1593 Springhill Road, Suite 610, Vienna, Virginia 22182 as its principal and mailing address.  MHM Health has an office for transaction of its customary business, and has an agent or other representative, in Suwannee County, Florida.

6.      Plaintiff, who is female, is a member of a class protected against sex discrimination by Title VII.

7.      At all times material hereto, Plaintiff was an employee of MHM Health within the meaning of Title VII.  As an employee of MHM Health for purposes of Title VII, Plaintiff was protected against discrimination because of sex with respect to the compensation, terms, conditions, or privileges of her employment.

8.      At all times material hereto, MHM Health was a person within the meaning of Title VII, employing fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.  As such, MHM Health was an employer within the meaning Title VII.

9.      At all times material hereto, MHM Health was Plaintiff's employer within the meaning of Title VII.  As her employer for purposes of Title VII, MHM Health was prohibited from discriminating against Plaintiff because of sex with respect to the compensation, terms, conditions, or privileges of her employment.

10.      Plaintiff's employment relationship with MHM Health began in May 2016 and

2

continues to the present date.  During her employment with MHM Health, Plaintiff has worked at Suwannee Correctional Institution providing, as a licensed practical nurse, prison health care services to inmates at Suwannee Correctional Institution.

## COUNT I:  HOSTILE WORK ENVIRONMENT
## HARASSMENT AGAINST MHM HEALTH UNDER TITLE VII

11.    Plaintiff hereby restates the allegations contained in paragraphs two through ten as though stated fully and completely herein.

12.    This claim for hostile work environment sexual harassment is asserted against MHM Health pursuant to Title VII.

13.    At all times material hereto, Dr. Denis Vilchez (hereinafter "Vilchez"), who is male, was an employee and/or agent of MHM Health.

14.    During Plaintiff's employment with MHM Health, Vilchez continuously subjected Plaintiff to unwelcome sexual advances, verbal conduct of a sexual nature, and physical conduct of a sexual nature.  The ongoing and persistent unwelcome sexual advances, verbal conduct of a sexual nature, and physical conduct of a sexual nature included, but was not limited to:  sexual touching, such as repeatedly touching Plaintiff's buttocks, thighs, arms, and trying to touch her buttocks and breasts; remarks about her body, such as repeatedly making comments about her buttocks, having a nice body, and having a good body; remarks about her physical appearance, such as repeatedly making comments that she is beautiful and very attractive; and sexual remarks, such as repeatedly making comments about his sex life.

15.    The sexually harassing behavior was unwelcome in that it was uninvited and undesired by Plaintiff.  Plaintiff indicated by her conduct that the harassment was unwelcome by refusing to submit to Vilchez's sexual demands and sexual conduct.  Plaintiff further indicated by her conduct that the harassment was unwelcome by complaining to management about the

behavior.

16.     The harassment of Plaintiff occurred because of her sex.  The harassing behavior targeted at Plaintiff was explicitly sexual and involved sexual conduct.  Moreover, Vilchez did not subject employees who are not members of Plaintiff's protected class to the same discriminatory harassing behavior.  Thus, Plaintiff was subjected to disadvantageous terms and conditions of employment to which employees outside the protected class were not subjected.  As such, the harassment constituted discrimination on the basis of Plaintiff's sex.

17.     The harassment was so severe and/or pervasive that it discriminatorily altered the compensation, terms, conditions or privileges of Plaintiff's employment by creating a work environment which Plaintiff perceived as hostile or abusive.  Plaintiff felt uncomfortable, embarrassed and intimidated at work.  Thus, the harassing behavior directed towards Plaintiff was offensive to her personally and directly affected her working environment.

18.     The harassment was so severe and/or pervasive that it discriminatorily altered the compensation, terms, conditions or privileges of Plaintiff's employment by creating a working environment which a reasonable person, considering all of the circumstances, would have found hostile or abusive.  The harassment was physically threatening and intimidating in that Plaintiff was repeatedly subjected to intrusive and intimate touching of her body, including repeated touching of her buttocks, thighs, and arms.  The harassment was pervasive and humiliating in the Plaintiff was continuously the target of explicit sexual conduct.  Further, the cumulative effect of the harassment unreasonably interfered with Plaintiff's work performance by making it more difficult to do her job.

19.     MHM Health knew and/or should have known of the harassing behavior against Plaintiff.  MHM Health had actual knowledge because Plaintiff complained to management about the harassment.  Further, under the totality of circumstances, the continuous harassment of

Plaintiff was so pervasive as to provide MHM Health with constructive knowledge of the harassment. Despite having actual and/or constructive knowledge of the harassment against Plaintiff, MHM Health unreasonably failed to take immediate and appropriate remedial action to stop the harassment and prevent such behavior from recurring against Plaintiff. In allowing the harassment to continue despite its knowledge of the harassment, MHM Health tolerated and condoned the harassment. As such, MHM Health is directly liable for the hostile work environment harassment because of its failure to take prompt and effective remedial action after receiving notice of the harassing behavior.

20.     As a proximate result of the aforementioned intentional discriminatory acts of MHM Health, Plaintiff has suffered damages, including, but not limited to, the following: lost wages, income, and employment benefits; emotional pain, suffering, mental anguish, loss of enjoyment of life, and dignitary injury.

21.     The aforementioned intentional discriminatory acts of MHM Health give rise to a cause of action under Title VII. In particular, Title VII forbids discrimination against any employee on the basis of sex with respect to the compensation, terms, conditions, or privileges of employment.

22.     The aforementioned intentional discriminatory acts of MHM Health were performed with malice or with reckless indifference to Plaintiff's protected civil rights.

23.     If Plaintiff prevails on her Title VII claim, resulting in vindication of her civil rights, then Plaintiff is entitled to a reasonable attorney's fee pursuant to Title VII.

WHEREFORE, Plaintiff prays this Honorable Court grant the following relief: an order declaring that MHM Health violated Plaintiff's rights under Title VII; an order for compensatory damages for emotional pain, suffering, mental anguish, loss of enjoyment of life, dignitary injury, and other non-pecuniary losses; an order for back pay, including the economic value of

lost employment benefits and interest on back pay; an order for front pay, including interest on front pay, or for reinstatement in lieu of front pay; an order for punitive damages as allowed by law; an order for reasonable attorney's fees (including expert fees) and costs; an order enjoining MHM Health from engaging in any such unlawful employment practice under Title VII, and for any other affirmative action or equitable relief as the Court deems appropriate; and for such other legal and equitable relief as the nature of Plaintiff's cause may warrant.

## COUNT II:  NEGLIGENT HIRING AGAINST MHM HEALTH

24.     Plaintiff hereby restates the allegations contained in paragraphs two through ten, along with the allegations in paragraphs thirteen through fifteen and nineteen, as though stated fully and completely herein.

25.     This claim for negligent hiring is asserted by Plaintiff against MHM Health.

26.     MHM Health had a duty to hire safe and competent employees so as, in part, to avoid and/or mitigate a threat and/or harm to others, including Plaintiff.  Further, MHM Health had a duty to hire safe and competent employees so as, in part, to avoid and/or mitigate the potential of unlawful touching and harassment against others, including Plaintiff.

27.     Before hiring Vilchez, MHM Health had a duty to make a reasonable and appropriate investigation of Vilchez so as, in part, to avoid and/or mitigate a threat and/or harm to others, including Plaintiff.  Further, MHM Health had a duty make a reasonable and appropriate investigation of Vilchez so as, in part, to avoid and/or mitigate the potential of unlawful touching and harassment against others, including Plaintiff.

28.     In repeatedly touching Plaintiff body, Vilchez made harmful and/or offensive contact with Plaintiff's person against her will.

29.     Vilchez intended to cause the harmful and/or offensive contact with Plaintiff's person in that Vilchez's repeated touching of Plaintiff shows that he intended to cause the contact

and/or acted in reckless disregard for the consequences of his acts.

30.     Vilchez's harmful and/or offensive touching was without the express or implied consent of Plaintiff.  The touching of Plaintiff was offensive in that such behavior would offend a reasonable person's sense of dignity.

31.     Prior to his employment with MHM Health, Vilchez was employed by Corizon Health, Inc. (hereinafter "Corizon").  During Vilchez's employment with Corizon, Plaintiff was also employed by Corizon.  During their employment with Corizon, Plaintiff and Vilchez both worked at Suwannee Correctional Institution and provided health care services to inmates at Suwannee Correctional Institution.

32.     In 2016, the State of Florida, on information and belief, hired MHM Health to take over and provide prison health care services for the Florida Department of Corrections, including prison health care services too inmates at Suwannee Correctional Institution, after Corizon, on information and belief, walked away from its contract with the State of Florida to provide prison health care services for the Florida Department of Corrections, including prison health care services to inmates at Suwannee Correctional Institution.

33.     In May 2016, MHM Health, on information and belief, took over for Corizon and began providing prison health care services to inmates at Suwannee Correctional Institute.

34.     During Plaintiff's employment with Corizon, Vilchez subjected Plaintiff to unwanted sexual advances, verbal conduct of a sexual nature, and physical conduct of a sexual nature, including repeatedly touching her buttocks.  Plaintiff complained to Corizon's management about the unwanted sexually harassing behavior by Vilchez towards her in the workplace.

35.     During his employment with Corizon, Vilchez, on information and belief, subjected other female employees of Corizon to unwanted sexually harassing behavior.

7

36.     During her employment with Corizon, Plaintiff was notified by Corizon's management that Vilchez's employment ultimately had been terminated because of complaints of sexual harassment against him.

37.     Before MHM Health hired Vilchez, Plaintiff notified MHM Health's management that Vilchez had subjected her to unwanted sexually harassing behavior while they employed by Corizon.   Plaintiff further notified MHM Health's management that she was informed by Corizon's management that Vilchez's employment with Corizon was terminated because of complaints of sexual harassment against him.  Because of his sexual misconduct while employed by Corizon, Plaintiff notified MHM Health's management that MHM Health should not hire Vilchez.

38.     Before hiring Vilchez, MHM Health knew and/or should have known that he was unfit to serve as employee of MHM Health.

39.     Before hiring Vilchez, MHM Health failed to make a reasonable and appropriate investigation of Vilchez by making inquiries into Vilchez's background, qualifications, reputation, work history, and/or criminal history prior to employing him.

40.     A reasonable and appropriate investigation would have revealed that Vilchez was unfit to serve as an employee of MHM Health.  A reasonable and appropriate investigation would have revealed allegations of sexual misconduct against Vilchez, Vilchez's termination from Corizon for sexual misconduct, and Vilchez's propensity to engage in sexual misconduct. Thus, a reasonable and appropriate investigation would have revealed problems with Vilchez that indicated he was a threat and/or harm to others, including Plaintiff, and unfit to serve as an employee of MHM Health.

41.     MHM Health knew and/or should have known that its employees, including Plaintiff, were within the zone of foreseeable risk created by Vilchez's employment.

8

42.     In light of the information that MHM Health knew and/or should have known before hiring Vilchez, it was unreasonable for MHM Health to hire Vilchez.

43.     In hiring Vilchez despite having actual and/or constructive knowledge of Vilchez's unfitness for employment with MHM Health, MHM Health breached its duty to hire safe and competent employees.     Further, in hiring Vilchez despite having actual and/or constructive knowledge of Vilchez's unfitness for employment with MHM Health, MHM Health breached its duty of care owed to Plaintiff and thus exposed Plaintiff to the unlawful touching and harassment.

44.     MHM Health's negligent hiring of its employee Vilchez directly and proximately resulted in the unlawful touching and harassment against Plaintiff while employed by MHM Health.

45.     As a proximate result of MHM Health's negligence and breach of duty, Plaintiff has suffered damages, including, but not limited to:   lost wages, income, and employment benefits; emotional pain, suffering, mental anguish, loss of enjoyment of life, and dignitary injury.

WHEREFORE, Plaintiff prays this Honorable Court grant the following relief:  an order for compensatory damages for emotional pain, suffering, mental anguish, loss of enjoyment of life, dignitary injury, and other non-pecuniary losses; an order for lost wages, including interest on lost wages; and for such other legal and equitable relief as the nature of Plaintiff's cause may warrant.

### COUNT III:  NEGLIGENT SUPERVISION AGAINST MHM HEALTH

46.     Plaintiff hereby restates the allegations contained in paragraphs two through ten, along with the allegations in paragraphs thirteen through fifteen and nineteen, as though stated fully and completely herein.

47.     This claim for negligent supervision is asserted against MHM Health.

48.     MHM Health had a duty to effectively and reasonably supervise its employees so as, in part, to avoid and/or mitigate a threat and/or harm to others, including Plaintiff.  Further, MHM Health had a duty to effectively and reasonably supervise its employees so as, in part, to avoid and/or mitigate the potential of unlawful touching and harassment against others, including Plaintiff.

49.     In repeatedly touching Plaintiff body, Vilchez made harmful and/or offensive contact with Plaintiff's person against her will.

50.     Vilchez intended to cause the harmful and/or offensive contact with Plaintiff's person in that Vilchez's repeated touching of Plaintiff shows that he intended to cause the contact and/or acted in reckless disregard for the consequences of his acts.

51.     Vilchez's harmful and/or offensive touching was without the express or implied consent of Plaintiff.  The touching of Plaintiff was offensive in that such behavior would offend a reasonable person's sense of dignity.

52.     During Vilchez's employment, MHM Health became aware and/or should have become aware of problems with Vilchez that indicated his unfitness as an employee of MHM Health.  During Vilchez's employment, MHM Health became aware and/or should have become aware of problems with Vilchez that indicated that he was a threat and/or harm to others, including Plaintiff.  MHM Health also knew and/or should have known that Plaintiff was within the zone of foreseeable risk created by the employment.

53.     During Vilchez's employment, MHM Health became aware and/or should have become aware of Vilchez's unlawful touching and harassment in the workplace and Vilchez's propensity to commit the same.  MHM Health knew of the behavior because Plaintiff complained to management.  MHM Health should have known of the behavior because Vilchez's

behavior was so pervasive as to provide MHM Health with constructive knowledge. Further, MHM Health knew and/or should have known that Plaintiff was within the zone of foreseeable risk created by the employment.

54.     During Vilchez's employment, MHM Health knew and/or should have known that it was necessary to control Vilchez in order to prevent Vilchez from intentionally harming others, including Plaintiff.  MHM Health, as Vilchez's employer, had the ability to control Vilchez.  MHM Health knew of the necessity and opportunity for exercising such control over Vilchez.

55.     Despite such actual and/or constructive knowledge, MHM Health failed to diligently and adequately supervise Vilchez and thereby allowed Vilchez to subject Plaintiff to the unlawful touching and harassment.  Further, despite such actual and/or constructive knowledge, MHM Health failed to take reasonable steps to safeguard Plaintiff and to prevent unlawful touching and harassment against Plaintiff from occurring, including, but not limited to, negligently failing to take appropriate, timely, and effective corrective action, up to and including termination, against Vilchez.  As such, MHM Health breached its duty of care owed to Plaintiff and thus exposed Plaintiff to the unlawful touching and harassment.

56.     MHM Health's negligent supervision of its employee Vilchez directly and proximately resulted in the unlawful touching and harassment against Plaintiff while employed by MHM Health.

57.     As a proximate result of MHM Health's negligence and breach of duty, Plaintiff has suffered damages, including, but not limited to:  lost wages; emotional pain, suffering, mental anguish, loss of enjoyment of life, and dignitary injury.

WHEREFORE, Plaintiff prays this Honorable Court grant the following relief:  an order for compensatory damages for emotional pain, suffering, mental anguish, loss of enjoyment of

life, dignitary injury, and other non-pecuniary losses; an order for lost wages, including interest on lost wages; and for such other legal and equitable relief as the nature of Plaintiff's cause may warrant.

## COUNT IV:  NEGLIGENT RETENTION AGAINST MHM HEALTH

58.     Plaintiff hereby restates the allegations contained in paragraphs two through ten, along with the allegations in paragraphs thirteen through fifteen and nineteen, as though stated fully and completely herein.

59.     This claim for negligent retention is asserted against MHM Health.

60.     MHM Health had a duty to effectively and reasonably retain safe and competent employees so as, in part, to avoid and/or mitigate a threat and/or harm to others, including Plaintiff.   Further, MHM Health had a duty to effectively and reasonably retain safe and competent employees so as, in part, to avoid and/or mitigate the potential of unlawful touching and harassment against others, including Plaintiff.

61.     In repeatedly touching Plaintiff body, Vilchez made harmful and/or offensive contact with Plaintiff's person against her will.

62.     Vilchez intended to cause the harmful and/or offensive contact with Plaintiff's person in that Vilchez's repeated touching of Plaintiff shows that he intended to cause the contact and/or acted in reckless disregard for the consequences of his acts.

63.     Vilchez's harmful and/or offensive touching was without the express or implied consent of Plaintiff.  The touching of Plaintiff was offensive in that such behavior would offend a reasonable person's sense of dignity.

64.     During Vilchez's employment, MHM Health became aware and/or should have become aware of problems with Vilchez that indicated his unfitness as an employee of MHM Health.  During Vilchez's employment, MHM Health also became aware and/or should have

12

become aware of problems with Vilchez that indicated that he was a threat and/or harm to others, including Plaintiff.  MHM Health also knew and/or should have known that Plaintiff was within the zone of foreseeable risk created by the employment.

65.     During Vilchez's employment, MHM Health became aware and/or should have become aware of Vilchez's unlawful touching and harassment in the workplace and Vilchez's propensity to commit the same.  MHM Health knew of the behavior because Plaintiff complained to management.  MHM Health should have known of the behavior because Vilchez's behavior was so pervasive as to provide MHM Health with constructive knowledge. Further, MHM Health knew and/or should have known that Plaintiff was within the zone of foreseeable risk created by the employment.

66.     Despite such actual and/or constructive knowledge, MHM Health failed to take reasonable steps to safeguard Plaintiff and to prevent unlawful touching and harassment against Plaintiff from occurring, including, but not limited to, negligently failing to take appropriate, timely, and effective corrective action, up to and including termination, against Vilchez.  As such, MHM Health breached its duty of care owed to Plaintiff and thus exposed Plaintiff to the unlawful touching and harassment.

67.     MHM Health's negligent retention of its employee Vilchez directly and proximately resulted in the unlawful touching and harassment against Plaintiff while employed by MHM Health.

68.     As a proximate result of MHM Health's negligence and breach of duty, Plaintiff has suffered damages, including, but not limited to:  lost wages; emotional pain, suffering, mental anguish, loss of enjoyment of life, and dignitary injury.

WHEREFORE, Plaintiff prays this Honorable Court grant the following relief:  an order for compensatory damages for emotional pain, suffering, mental anguish, loss of enjoyment of

life, dignitary injury, and other non-pecuniary losses; an order for lost wages, including interest on lost wages; and for such other legal and equitable relief as the nature of Plaintiff's cause may warrant.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands pursuant to FED. R. CIV. P. 38 a trial by jury on all issues so triable.

Dated:  December 14, 2018

Respectfully submitted,


/ s / James Tarquin
James Tarquin
Florida Bar No. 906190
Mark Dillman
Florida Bar No. 0276250
JAMES P. TARQUIN, P.A.
1111 NE 25th Avenue, Suite 501
Ocala, Florida 34470
Telephone: (352) 401-7671
Facsimile: (352) 401-7673
tarquinlawoffice@aol.com
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 14, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to Catherine H. Molloy, Greenberg Traurig, P.A., 101 E. Kennedy Boulevard, Suite 1900, Tampa, Florida 33602.

/ s / James Tarquin
James Tarquin

14

EXHIBIT A

EEOC Form 161 (11/16)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To:  Jannah K. Hancock
     5531 Danieli Dr. N.
     Lake Park, GA 31636

From:  Tampa Field Office
       501 East Polk Street
       Room 1000
       Tampa, FL 33602

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 511-2018-01702 | STANLEY MOFFETT, Investigator | (813) 202-7922 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]  The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]  Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_Evangeline Hawthorne_          APR 1 2 2018

Evangeline Hawthorne,          (Date Mailed)
Director

Enclosures(s)

cc
MHM Services, Inc.
c/o Greenberg Traurig, P.A.
Attn: Catherine H. Molloy, Esq.
100 East Kennedy Boulevard
Suite 1900
Tampa, FL 33602

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To. Jannah K. Hancock
5531 Danieli Dr. N.
Lake Park, GA 31636

From    Tampa Field Office
501 East Polk Street
Room 1000
Tampa, FL 33602

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 511-2018-00624 | STANLEY MOFFETT, Investigator | (813) 202-7922 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒  The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐  Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Evangeline Hawthorne*                         APR 1 2 2018

Evangeline Hawthorne,
Director                                          (Date Mailed)

Enclosures(s)

cc:
MHM Services, Inc.
c/o Greenberg Traurig, P.A.
Attn: Catherine H. Molloy, Esq.
100 East Kennedy Boulevard
Suite 1900
Tampa, FL 33602